{¶ 22} In reaching its conclusion that Mr. Bailey was not denied his constitutional right to a speedy trial, the majority relies on our prior decision in Brown, which concluded that no distinction should be drawn between "formal, filed requests and informal requests" by a defendant for discovery in tolling the speedy trial period. Id. at ¶ 36. I disagree with our conclusion in Brown, and with the majority's reliance on it.
 {¶ 23} R.C. 2945.72(E) provides that the speedy trial period is tolled by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * * [.]" This language indicates that the period is tolled by some formal legal activity undertaken by a defendant, to which the state is bound to reply, and which requires participation or action by the trial court — as, for instance, a formal demand for discovery, followed by motion practice. See, e.g., Crim.R. 16. While applauding the action of the prosecutor in cooperating with Mr. Bailey's informal discovery request, nothing bound him to do so. Most significantly, the trial court was not involved, Mr. Bailey's informal discovery request required no action by that court, and thus, could not relieve it of the duty of providing him a speedy trial.
 {¶ 24} The right to a speedy trial is one of the most precious in our Anglo-American legal tradition. Nothing could be more obnoxious to the ordered freedom which we expect our laws to provide than a license for the state to arrest and hold a man indefinitely, denying him his day in court because his attorney dared to request from the prosecutor information that may have assisted his client in his defense.
 {¶ 25} I dissent.